UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GEORGE DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17 CV 1191 RWS |
| | ) |
| FARMERS INSURANCE CO., INC., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff George Davis and Defendant Farmers Insurance Co., Inc., ("Farmers") move for summary judgment in this personal injury insurance case. Davis seeks a declaratory judgment that his insurance policy with Farmers (the "Policy") is ambiguous and therefore should be read to provide underinsured motorist (UIM) coverage for his motorcycle. He also argues that his Policy allows stacking and that this conflict is ripe for adjudication. Farmers argues that the Policy unambiguously denies coverage, that "anti-stacking" provisions also deny coverage, and that Davis' case is not ripe. For the reasons below, I will rule that Davis' claim is ripe, but that he is not entitled to declaratory relief, and I will dismiss his claims.

## BACKGROUND

On April 23, 2016, Davis suffered bodily injuries after being struck by an automobile while riding his Harley Davidson motorcycle. (Joint Stipulation of Fact ¶ 2-3, ECF No. 1.) Mary Cleary, the driver of the automobile was deemed at fault, and her insurance company, Travelers Insurance ("Travelers"), offered to pay $100,000, its liability limit, in exchange for a release from all claims. Id. at ¶ 5. As a result of the motorcycle accident, Davis has incurred medical expenses greater than the $100,000 policy limit that Travelers offered to pay. Id. at ¶ 7. As a result, Davis sought underinsured motorist (UIM) coverage payments he believes he is owed pursuant to two insurance policies. Foremost Insurance Company ("Foremost") insures Davis' motorcycle and has offered to pay its UIM limits of $25,000 to him. Id. at ¶ 6. Farmers also provides UIM coverage for Davis. Id. at ¶ 1. However, Davis and Farmers disagree about whether his Farmers Policy covers his motorcycle, because only two personal vehicles, and not a motorcycle, are listed on the declarations page of the Farmers Policy.

For the purpose of deciding summary judgment, the parties stipulate that Davis has incurred medical expenses from the motorcycle accident greater than the total insurance limit of $125,000 offered to him by Travelers and Foremost. Id. at ¶ 7. To cover this gap, Davis notified Farmers on June 9, 2016 that he sought additional UIM coverage from Farmers. (See Defendant Farmers Insurance

Company, Inc.'s Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment, ¶ 26, ECF No. 15-1.) On June 11, 2016, Farmers sent a letter to Davis, stating that Farmers was denying UIM coverage under the Policy. Id. at ¶ 27.

On February 3, 2017, Davis filed his Petition for Declaratory Judgment with the Circuit Court of Saint Louis County, Missouri. No. 17SL-CC00473 (ECF No. 1-2). Less than thirty days after being served with or receiving a copy of the petition, Farmers filed a notice of removal to this court. Davis and Farmers filed opposing motions for summary judgment. Davis argues that the UIM policy, owned vehicle exclusion, and anti-stacking provisions are ambiguous and that they should be interpreted to provide UIM coverage for his motorcycle. Farmers argues that the same provisions are unambiguous, and that they preclude Davis' recovery under the Policy. Farmers also argues that Davis' petition for declaratory judgment is not ripe, because Davis has not accepted payment offered by Travelers and Foremost.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), I only grant a motion for summary judgment if, based upon the pleadings, admissions, depositions and affidavits, there exists no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c). "Where parties

3

file cross-motions for summary judgment," I must evaluate "each summary judgment motion … independently to determine whether a genuine dispute of material fact exists and whether the movant is entitled to judgment as a matter of law." Jaudes v. Progressive Preferred Ins. Co., 11 F. Supp. 3d 943, 947 (E.D. Mo. 2014). In this evaluation, I view all facts and factual inferences in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The moving party has the burden of establishing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Once the moving party has met this burden, the nonmoving party may not rest on the allegations in its pleadings, but by affidavit or other evidence, must set forth specific facts showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(c)(1), (e).

## ANALYSIS

I. **SUBJECT MATTER JURISDICTION**

   a. **Ripeness**

If a claim is not ripe, I do not have subject matter jurisdiction to hear the case. See Wax 'n Words v. City of St. Paul, 213 F.3d 1016, 1020 (8th Cir. 2000) ("This dismissal could more properly have been made pursuant to Fed. R. Civ. P. 12(b)(1) because the case is not ripe for adjudication."). Ripeness is a constitutional requirement that serves "to prevent the courts, through avoidance of

4

premature adjudication, from entangling themselves in abstract disagreements." Pub. Water Supply Dist. No. 10 of Cass Cnty., Mo. v. City of Peculiar, 345 F.3d 570, 572 (8th Cir. 2003) (quoting Abbott Labs. v. Gardner, 387 U.S. 136, 148 (1967)). When determining ripeness, courts should look to "the *fitness* of the issues for judicial decision" and "the *hardship* to the parties of withholding court consideration." Neb. Public Power Dist. v. MidAmerican Energy Co., 234 F.3d 1032, 38 (8th Cir. 2000) (emphasis added) (quoting Abbott Labs, 387 U.S. 136, 149).

The fitness requirement is designed to "safeguard[] against judicial review of hypothetical or speculative disagreements." Id. at 1038. "Courts shy from settling disputes contingent in part on future possibilities." Id. If a dispute is contingent, it still may be ripe "where [1] an issue is largely legal in nature, [2] may be resolved without further factual development, or [3] where judicial resolution will largely settle the parties' dispute." Id. (citing Abbott Labs at 149; Pacific Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n, 461 U.S. 190, 203 (1983)). In evaluating the hardship requirement, courts ask whether delaying review will cause injury to the parties. Id. Injury includes "both the traditional concept of actual damages—pecuniary or otherwise—and also the heightened uncertainty and resulting behavior modification that may result from

delayed resolution." Id. (citing Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 733–34 (1998)).

In this case, defendant Farmers argues that Davis' claims are not ripe because a clause in the Policy creates an unfulfilled contingency. The UIM section of the Policy states that "[Farmers] will pay under this coverage only after the limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements." (See Endorsement Adding Underinsured Motorist Coverage – Missouri (MO025 – 1st Edition), 37, ECF No. 1-3, Exh. B.) Farmers alleges that Davis has not yet accepted the tortfeasor's offered settlement of $100,000. (See Defendant Farmers Insurance Company, Inc.'s Statement of Uncontroverted Material Facts in Support of its Motion for Summary Judgment, ¶ 7-9, ECF No. 15-1.) In Farmers' view, "a ruling by this Court would … [be] contingent on future acts of third-parties," namely Davis' acceptance of the settlement amount from Travelers Insurance. (See Reply to Plaintiff's Memorandum, p. 7, ECF No. 20.)

I reject these arguments and find that Davis' claims are ripe. His claims meet the "fitness" requirement because the factual record need not be developed any further. Davis has been physically injured and has sought recovery through his Policy. Farmers has denied coverage based on its reading of the Policy. The only remaining task is contract interpretation, which is a question of law. See Neb.

Public Power Dist. at 1038. Accordingly, Davis' claim for declaratory relief is not contingent or speculative. See id. at 1038. His claim is based on an actual dispute that needs no further factual development.

Davis' claim also meets the "hardship" requirement because denying review would constitute "significant harm." See id. Denying review would subject Davis to "heightened uncertainty and … behavior modification." See Ohio Forestry Ass'n, Inc. v. Sierra Club, 523 U.S. 726, 733–34. He would be forced to either accept an insurance settlement with Travelers that does not fully compensate him for his injuries, or else abandon his claim against Farmers.[1] Because Davis' claims meet the "fitness" and "hardship" requirements, they are ripe and I can rule on this matter.

### b. Diversity Jurisdiction

To exercise subject matter jurisdiction over this state law claim, I must also find that the parties are citizens of different states and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[A] complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction," provided there is no apparent legal certainty to the contrary. Kopp v. Kopp, 280 F.3d 883, 884 (8th Cir. 2002). In support of the notice of removal, Farmers states on information and belief that Davis is a citizen of the State of Missouri and that

---

[1] "Travelers Insurance has offered to pay its liability limits of $100,000, in exchange for a release of all claims." (Joint Stipulation of Fact, ¶ 5, ECF No. 13.)

Farmers is a foreign company existing under the laws of, and with its principal place of business in, the state of Kansas. Farmers also claims that the amount in controversy is $500,000, which is the coverage limit of Davis' UIM policy. Davis does not dispute either the amount in controversy or the citizenship of either party. Accordingly, I find that diversity jurisdiction is satisfied and that I have subject matter jurisdiction to decide this case.

## II.     UNDERINSURED MOTORIST COVERAGE

Davis seeks a declaratory judgment that his Farmers Policy is ambiguous about, and therefore provides, UIM coverage for his motorcycle. In support of this claim, Davis argues that two aspects of the Policy create ambiguity: (1) the introductory clause and owned vehicle exclusion of the UIM endorsement and (2) the "Other Insurance" provision of the UIM endorsement. Davis further argues that anti-stacking provisions in the contract are ambiguous, and as such, they should not prevent any recovery he is otherwise owed. "'Stacking' refers to an insured's ability to obtain multiple insurance coverage benefits for an injury either from more than one policy… or from multiple coverages provided for within a single policy…." Niswonger v. Farm Bureau Town & Country Ins. Co. of Mo., 992 S.W.2d 308, 313 (Mo. App. E.D. 1999). Because "stacking" only occurs when

coverage exists, I first examine whether the insurance contract provides coverage for Davis' motorcycle.[2]

As Davis notes, this case arises from an insurance policy sold in Missouri to a Missouri resident. Since I am sitting in diversity jurisdiction, Missouri law is controlling. See Progressive Cas. Ins. Co. v. Morton, 140 F. Supp.3d 856, 859 (E.D. Mo. 2015). Under Missouri Law, when "construing the terms of an insurance policy, [the] Court applies the meaning which would be attached by an ordinary person of average understanding if purchasing insurance, and resolves ambiguities in favor of the insured." Progressive Cas. Ins. Co. v. Morton, 140 F. Supp.3d 856, 859 (E.D. Mo. 2015) (citing Ritchie v. Allied Prop. & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. 2009)). "[A]mbiguity exists when there is duplicity, indistinctness, or uncertainty in the meaning of the language in the policy. Language is ambiguous if it is reasonably open to different constructions." Ritchie v. Allied Prop. & Cas. Ins. Co., 307 S.W.3d 132, 135 (Mo. 2009). This rule of interpretation "does not permit a strained interpretation of the language of the policy in order to create an ambiguity where none exists." Munroe v. Cont'l Western Ins. Co., 753 F.3d 783, 788 n.2 (8th Cir. 2013) (quoting Haggard Hauling

---

[2] Once the court determines that the policy covers a vehicle in general terms, the inquiry changes. Then the questions become, in this order, (1) whether stacking exists, and (2) whether the stacked policy coverage is greater than the tortfeasor's coverage, such that the other motorist is underinsured. *See Manner v. Schiermeier*, 393 S.W.3d 58, 64 (Mo. banc 2013).

& Rigging Co. v. Stonewall ins. Co., 852 S.W.2d 396, 401 (Mo. App. W.D. 1993)).

### a. The Introductory Clause of the UIM Endorsement

Davis alleges that the introductory clause and owned vehicle exclusion of the Endorsement Adding Underinsured Motorist Coverage are ambiguous. In evaluating this argument, the Policy must be read as a whole. See Owners Ins. Co. v. Craig, 514 S.W.3d 614, 617 (Mo. banc 2017) (citations omitted). When read as a whole, two sections of the Policy are determinative of Davis' claims, the Declarations Page and the Endorsement Adding Underinsured Motorist Coverage – Missouri (M0025 1st Edition). In relevant part, the Declarations Page states the following:

*Vehicle Information*

Veh. # Year/Make/Model/VIN

1      2010 Toyota Tundra Pu Dbl Cab Sh 4X2
       5TFRM5F12AX020011

2      2013 Kia Sorento 4D 4X4 Lx
       5XYKTCA60DG326126

…

*Policy Level Coverage Items*

Coverage                              Limits (for all vehicles)

…

Underinsured Motorist        $500,000 each person

(Auto Insurance Declaration Page, ECF No. 1-3, Exh. B.) No motorcycle is listed on the Declarations page. See id. In relevant part, the Endorsement Adding Underinsured Motorist Coverage states the following:

### Endorsement Adding Underinsured Motorist Coverage – Missouri (M0025 -1st Edition)

This coverage applies only to the vehicle(s) for which this endorsement is listed on the Declarations page.

For an additional premium, it is agreed that Underinsured Motorist Coverage is added to your policy.

We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner or operator of an **Underinsured motor vehicle** because of **bodily injury** sustained by an insured person. The bodily injury must be caused by an **accident**, and arise out of the ownership, maintenance or use of the **Underinsured motor vehicle**.

…

*Exclusions*

…

Coverage does not apply to **bodily injury** sustained by a person while **occupying** any vehicle owned by you or a **family member** for which insurance is not afforded under this policy or through being struck by that vehicle.

…

*Other Insurance*

11

> …
>
> 2. We will not provide insurance for a vehicle other than **your insured car** or **your insured motorcycle**, unless the owner of that vehicle has no other insurance applicable hereunder.

Id. at 37-39.

Davis argues that the reference to "your insured motorcycle" in the "Other Insurance" section of the UIM Endorsement conflicts with the introductory sentence and exclusions. In his words, "[a] plain reading of this section by an ordinary motorcycle owner of average understanding clearly says that the motorcycle is covered, unless there is no other insurance provided for it under this document." (Plaintiff's Reply Memorandum in Support of its Motion for Summary Judgment, p. 4, ECF No. 19.) Repeating the relevant portion, the Other Insurance section states "[w]e will not provide insurance for a vehicle other than **your insured car** or **your insured motorcycle**, unless the owner of that vehicle has no other insurance applicable hereunder." (Endorsement Adding Underinsured Motorist Coverage – Missouri (M0025 1st Edition), ECF No. 1-3, p. 39, Exh. B.) This sentence does not grant insurance. Instead it limits insurance, stating that Farmers "will not provide insurance for a vehicle other than **your insured car** or **your insured motorcycle**…" Id.

When the UIM endorsement is considered as a whole, it is clear that it applies only to the vehicles listed on the Declarations page, as stated in the introductory sentence. "This coverage applies only to the vehicle(s) for which this endorsement is listed on the Declarations page." Id. at 37. Reading this sentence as a grant of coverage instead would "create an ambiguity where none exists." See Munroe v. Cont'l Western Ins. Co., 753 F.3d 783, 788 n.2 (8th Cir. 2013). Because the declarations page lists no motorcycle, Davis' motorcycle does not have associated UIM coverage.

### b. The Owned Vehicle Exclusion of the UIM Endorsement

Davis also argues that the owned vehicle exclusion to the UIM is ambiguous. In relevant part, it states that "[c]overage does not apply to bodily injury sustained … while occupying any vehicle owned by you … for which insurance is not afforded under this policy …." (ECF No. 1-3, p. 38, Exh. B.) Davis argues that this language is ambiguous because it contrasts with other exclusions in the "Other Insurance" and the "Two or More Cars Insured" sections of the Policy. Id. at 13, 39. These sections limit the "total amount payable" and the "total liability limits" for "this and any other auto policy issued to you by any member company of the Farmers Insurance Group of Companies."[3] See id. at

---

[3] The quotation is directly from the "Two or More Cars Insured" section. The "Other Insurance" section states similarly "…through us or any other member company of the Farmers Insurance Group of Companies…." (ECF No. 1-3, p. 39, Exh. B.)

13-39. Davis argues that the inclusion of the "any member company" language in these sections, but not in the owned vehicle exclusion, creates an ambiguity. In his view, this language "leads an average person of ordinary understanding" to conclude that the owned vehicle exclusion does not apply to vehicles insured by any Farmers Insurance Group of Companies. (Memorandum in Support of Plaintiff's Motion for Summary Judgment, p. 7-8, ECF No. 19.)

I reject this argument. The language of the owned vehicle exclusion is unambiguous. "Coverage does not apply to bodily injury sustained by a person while occupying any vehicle owned by you or a family member for which insurance is not afforded under this policy." Id. at 13. Davis' motorcycle is not afforded insurance under the Policy. Accordingly, it is excluded from UIM coverage. The other provisions cited by Davis refer to liability limits across multiple policies, and not exclusions from any one policy. Those sections are only meaningful if they refer to other policies issued by the Farmers Insurance Group of Companies. Accordingly, the contrast between these sections does not create an ambiguity.

Davis' motorcycle is not afforded insurance under the Policy. To interpret the contract otherwise would "create an ambiguity where none exists." See Munroe v. Cont'l Western Ins. Co., 753 F.3d 783, 788 n.2.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Farmers' Motion for Summary Judgment [14] is **GRANTED** on the grounds that Davis' motorcycle is not covered by Farmers Endorsement Adding Underinsured Motorist Coverage.

**IT IS FURTHER ORDERED** that Plaintiff Davis' Motion for Summary Judgment [12] is **DENIED**.

**IT IS FURTHER ORDERED** that Davis' claims are **DISMISSED** with prejudice.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 20th day of October, 2017.